N. T. BROWN, Contestant, Appellant, v. F. E. CROSSON, Incumbent, Appellee.

Contested Election Statement:    AMENDMENT AND SUBSTITUTION.
Where in an election contest over the office of county superin-tendent, contestant alleged that the election judges in all the voting precincts of the county erroneously counted ballots for the incumbent, but for which the election would have been in favor of contestant, an amendment alleging that election judges in one township were guilty of fraud and misconduct in not sealing the ballots as required by law, and in leaving them in such condition that they could be easily tampered with be-

fore delivery to the county auditor, merely introduced additional matter, and was not a substitute for the original statement, charging error and mistakes in the canvass of the vote in each and every township and precinct of the county, the only effect of which was to prevent a recount of the votes in the particular township referred to in the amendment, because the ballots were not preserved as required by law, but not to prevent a recount of the ballots in the township and precincts where the ballots were properly returned.

THROWING OUT ONE PRECINCT: *Does not prevent recount in the others.* The fact that the ballots of a single township or precinct of a county cannot be received in a contest over the election of a county superintendent because the ballots were not properly returned, preserved and identified by the judges and clerks of election in the particluar precinct, will not prevent a recount of the ballots of the townships or precincts in which there was fault or mistake on the part of the officials having charge of the election or of the returns.

APPEAL FROM CONTEST COURT: *Is tried de novo.* On appeal in an election contest from the decision of the contest court the proceedings before such court are immaterial, as both the district and supreme courts try the case anew, in which trial the issues are made up by the statement of contest and the pleadings thereto, and not by what was done on the trial before the contest court, and its proceedings are in no manner binding on the appellate court.

*Appeal from Taylor District Court.*—HON. W. H. TEDFORD, Judge.

SATURDAY, DECEMBER 21, 1901.

THIS is a contest over the right to hold the office of county superintendent of Taylor county. The trial court sustained a motion filed by incumbent for a judgment in his favor on the pleadings, and contestant appeals.—*Reversed.*

*W. K. Moore* and *Haddock & Sons* for appellant.

*Flick & Jackson* for appellee.

DEEMER, J.—The parties hereto were opposing candidates for the office of county superintendent at the general election

VOL. 115 IA—17

of the year 1899. On the face of the returns, contestant had 2,015 votes and incumbent had 2,034. Contestant filed his statement of contest with the board of supervisors, in which he alleged that the judges of election in all the voting precints of the county erroneously counted ballots for incumbent that should not have been counted, and rejected ballots for contestant that should have been counted, and by reason thereof decided the election in favor of incumbent, when it should have been decided in favor of contestant; that the said judges erroneously counted ballots for incumbent which should not have been counted at all, and rejected ballots for contestant that should have been received; that the tally sheets do not correspond with the number of votes actually cast, due to the negligence and weariness of the judges and clerks of election; and that a true and correct count of the ballots cast will show that contestant received more votes than incumbent, and was elected by a large majority. Prior to the hearing before the court of contest, contestant amended his statement by pleading that the judges and clerks of election in Platte township, Taylor county, were guilty of fraud and misconduct, in that they excluded the public from the room while the votes were being canvassed, locked the doors and permitted no one to pass in or out of or to remain in the room while the canvass was being made; that they returned the ballots to the county auditor without sealing them as required by law; and that they were left in such condition as to be easily tampered with before being delivered to the auditor. Contestant asked that the votes from this precinct, which showed a majority for the incumbent of 103, be rejected. Incumbent denied all these allegations, and on the issue thus joined the proceedings were tried before the court of contest, resulting in a finding that incumbent was elected by 1 majority. Contestant duly appealed to the district court, and, when the proceedings came on for hearing there, incumbent filed a motion to have the court declare him elected and to dismiss

the contest, on the following grounds: "(1) That the contestant admits in his statement of contest that a part of the ballots cast in the election had not been sealed and preserved in the manner required by law. (2) That it is admitted in open court that the official returns of the board of convassers show that the incumbent received 2,034 and the contestant received 2,015 votes; that the contestant's statement of contest admits that the ballots in some of the precints had not been preserved in the manner required by law; that the receptacles had not been sealed as by law required, but they had been left open, and subject to be tampered with and altered." The court sustained this motion, and rendered judgment as prayed. The appeal is from this ruling.

If contestant were relying on the alleged fraud and misconduct of the judges and clerks of election in Platte township alone, there would be no doubt of the correctness of the ruling. But this does not appear to be true. The amendment to the statement of contest simply introduced additional matter, which it may be admitted was a sufficient reason for not recounting the votes in the particular township referred to. It was not stated to be, nor does it appear that it was intended as, a substitute for the original statement, charging error and mistakes in the canvass of the votes in each and every township and precinct of the county. The only effect of the amendment, then, was to prevent a recount of the votes in the particular township referred to, because the ballots were not preserved as required by law. In such case the most that can be claimed is that the certificate of the canvassing board is conclusive. *Furguson v. Henry*, 95 Iowa, 439. But this would not prevent a recount of the ballots in townships and precincts where the ballots were properly returned, preserved, and identified. Incumbent insists that if there be a recount of the ballots it must be of all, and that if for any reason, the ballots of a single township or precinct cannot be received, the whole must be rejected. We find no

reason or authority for such a rule. The most that can be claimed is that the return of the canvassers from the particular township or princinct is conclusive. It must be remembered that this is not a case where the county auditor or custodian of all the ballots was remiss in his duty. In such a case, of course, none of the ballots may be received in evidence. Here, according to the pleadings, the ballots from all the townships and precincts, save Platte, were properly returned, preserved, and identified. The fault, if any, was with the judges and clerks of election in a particular precinct, who failed to properly secure and return to the county auditor the ballots cast in their particular towship. Surely, this fault will not prevent a recount of the votes cast in the other townships and precincts, where there was no fault or mistake on the part of any of the officials having charge of the election or of the returns. *Davenport v. Olerich,* 104 Iowa, 194; *Mentzer v. Davis,* 109 Iowa, 528, and other like cases relied on by incumbent, were each and all cases where the officials having charge of all the ballots were remiss in their duties. They are not therefore, in point.

Appellee, in an amended abstract, calls our attention to certain proceedings before the court of contest which he claims are material, as showing that he objected to the recount of ballots from other precincts and townships. 4 The proceedings before this court are entirely immaterial. Both the district court and this court try the case anew, and neither is in any manner bound by the proceedings had before the statutory court of contest. The issues are made by the statement of contest and pleadings thereto and not by what was done on the trial before the statutory tribunal.

The trial court was in error in sustaining appellee's motion, and the judgment is reversed, and the case remanded for a new trial. Appellant's motion to strike appellee's abstract is sustained.—REVERSED.